881 F.2d 1083
 Unpublished Disposition
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DENTAL TECHNOLOGY COLLEGE for the HANDICAPPED, INC., dba
National Technical College,
Plaintiff-Counter-Defendant-Appellant,
v.
INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), dba United
Auto Workers Job Development and Training Department,
Defendant-Counter-Claimant-Appellee.
DENTAL TECHNOLOGY COLLEGE for the HANDICAPPED, INC., dba
National Technical College,
Plaintiff-Counter-Defendant-Appellee,
v.
INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), dba United
Auto Workers Job Development and Training Department,
Defendant-Counter-Claimant-Appellant.
 Nos. 87-6053, 87-6123.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1989.
Decided July 31, 1989.
 
 A. Wallace Tashima, District Judge, Presiding.
 Before FLETCHER, PREGERSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal arises out of an unsuccessful job training program conducted by Dental Technology College for the Handicapped, Inc. (Dentec) and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW). The UAW contracted with the Employment Training Panel (ETP), an agency of the State of California, to train and place unemployed workers as dental technicians. Performance of the training and placement program was subcontracted to Dentec. Both contracts provided that ETP would make progress payments to the UAW based on the number of hours of training that students had received and that the UAW, after retaining a fixed amount, would pass the remainder of the payments on to Dentec.
 
 
 3
 Dentec implemented the training program, but terminated it before completion when enrollment proved too low for a self-supporting program. Subsequently, Dentec sued for breach of contract and breach of the implied covenant of good faith and fair dealing. Dentec's suit was dismissed by directed verdict. The UAW successfully counterclaimed for repayment of progress payments.
 
 
 4
 Dentec appeals various evidentiary rulings, as well as the directed verdict. The UAW cross-appeals the denial of prejudgment interest on its counterclaim. We affirm the district court on all issues except the denial of prejudgment interest, which we reverse.
 
 DISCUSSION
 
 5
 I. Breach of Implied Covenant of Good Faith and Fair Dealing
 
 
 6
 We review a directed verdict de novo. Matthews v. Lykes Bros. Steamship Co., 854 F.2d 1166, 1168 (9th Cir.1988). Examining all the evidence in the light most favorable to Dentec, we conclude there is no substantial evidence that could support a finding in its favor. Id.
 
 
 7
 There is no merit to Dentec's argument that the UAW breached the implied covenant by failing to finance the program. California implies in every contract a covenant of good faith and fair dealing. Seaman's Direct Buying Serv. v. Standard Oil of Cal., 36 Cal.3d 752, 768, 686 P.2d 1158, 1166, 206 Cal.Rptr. 354, 362 (1984) (en banc). However, the implied covenant of good faith and fair dealing may not be applied so as to supply a term on a matter as to which the contract is intentionally silent. Witt v. Union Oil Co., 99 Cal.App.3d 435, 441, 160 Cal.Rptr. 285, 288-89 (1979); see also Wal-Noon Corp. v. Hill, 45 Cal.App.3d 605, 613, 119 Cal.Rptr. 646, 650 (1975) ("[t]here cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time").
 
 
 8
 The subcontract provided for progress payments from the UAW to Dentec, but contained no provision whereby the UAW agreed to pay Dentec's costs should progress payments prove inadequate. The UAW was responsible to ETP for funding and performance of the training program; Dentec, however, was not a party to the ETP-UAW contract. To imply a contractual term providing that the UAW was obligated to pay Dentec's costs would alter the contract between the parties in a manner not permitted under California law. Contrary to the appellants' argument, this case does not resemble Harm v. Fraser, 181 Cal.App.2d 405, 5 Cal.Rptr. 367 (1960) (when two former partners contracted to sell their separate partnership interests through three separate contracts of sale, each contract expressly contingent on the consummation of the other two, the court construed the three contracts as one and found each seller had a duty under the implied covenant to go through with the sale). Accordingly, the UAW's failure to pay was not a breach of its contract with Dentec and Dentec has not stated a cause of action for breach of the implied covenant of good faith and fair dealing.
 
 
 9
 There is no merit to Dentec's contention that the UAW breached the implied covenant by allegedly preventing Dentec from recruiting students until the ETP-UAW contract was signed. There is no evidence that the UAW acted inconsistently with normal business practices or acted in bad faith if it did refuse to incur recruiting expenses under a subcontract before the primary contract was signed.
 
 
 10
 There is no merit to Dentec's contention that the UAW breached the implied covenant by promising and then failing to modify the subcontract to reschedule the start date, lengthen the contract period, and increase the contract price per student or shift funding from the end to the beginning of the program. The evidence Dentec cites consists only of Bidny's testimony that the UAW promised to modify the contract to get more money per student for Dentec. Other testimony shows that the UAW made a good faith attempt to obtain ETP's consent to various modifications, including increasing the money paid per student or increasing the amount paid in the early stages of the contract. There is no evidence that the UAW did not make a good faith attempt to obtain any promised modifications.
 
 
 11
 Finally, the UAW's unsuccessful attempt to persuade ETP to recoup payments from Dentec rather than from the UAW did not deprive Dentec of any contractual right and cannot constitute a breach of the implied covenant.
 
 
 12
 II. Estoppel Theory in Defense of Restitution Counterclaim
 
 
 13
 The district court ruled that Dentec would not be permitted to argue to the jury that the UAW's alleged failure to tell Dentec that the contract would not be modified estopped the UAW from seeking restitution of progress payments. Dentec identifies no evidence in the record showing that the UAW knew the contract could not be modified and withheld that information from Dentec. Thus, Dentec has failed to identify evidence supporting its estoppel argument. The district court's ruling is affirmed.
 
 
 14
 III. Evidence of UAW's Post-Termination Dealings with ETP
 
 
 15
 The district court excluded correspondence relating to the UAW's post-termination request to ETP that ETP seek repayment for progress payments and advances from Dentec, rather than from the UAW. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of prejudice, confusion, or needless presentation of cumulative evidence. Federal Rule of Evidence 403. Evidence of the UAW's post-termination conduct is of little relevance to whether or not the implied covenant of good faith and fair dealing was breached. To the extent the documentary evidence was offered to show that the UAW breached its contract with the ETP, the evidence was cumulative, as both parties acknowledged that no students were ever trained. Moreover, Dentec was allowed to elicit testimony on the issue of the UAW's post-termination conduct. Under these circumstances, exclusion of the correspondence was neither an abuse of discretion nor prejudicial to Dentec. Coursen v. A.H. Robins Co., Inc., 764 F.2d 1329, 1333 (9th Cir.), as corrected by 773 F.2d 1049 (9th Cir.1985).
 
 IV. Prejudgment Interest
 
 16
 When deciding a state law claim, federal courts follow the state's prejudgment interest law. James B. Lansing Sound, Inc. v. National Union Fire Ins. Co., 801 F.2d 1560, 1569 (9th Cir.1986). In California, the trial court is required to add prejudgment interest to the amount of the verdict when damages are certain. Cal.Civ.Code Sec. 3287(a); Clark Equipment Co. v. Mastelotto, Inc., 87 Cal.App.3d 88, 97-98, 150 Cal.Rptr. 797, 803 (1978). California cases decided under section 3287(b), which gives the court discretion to award interest on unliquidated claims, have held that the trial court is required to exercise discretion and determine whether or not to award interest, even if the jury explicitly declines to award interest. See, e.g., George v. Double D Foods, Inc., 155 Cal.App.3d 36, 47-48, 201 Cal.Rptr. 870, 878-79 (1984) (issue under Sec. 3287(b) improperly given to jury); Gebert v. Yank, 172 Cal.App.3d 544, 555-56, 218 Cal.Rptr. 585, 591-92 (1985) (court authorized to award interest under Sec. 3287(b) despite jury's contrary desire).
 
 
 17
 It is undisputed that the $73,523.51 awarded to the UAW on its restitution counterclaim was certain within the meaning of section 3287(a). Therefore, the district court's denial of the UAW's motion to amend the judgment to include prejudgment interest was erroneous under Clark Equipment Co., supra. We reverse and remand so that the trial court may enter an award of prejudgment interest.
 
 
 18
 The defendant is to recover costs.
 
 
 19
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3